IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50360
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVIE LAMAR HAWKINS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-00-CR-112-ALL
--------------------
December 27, 2002

Before JOLLY, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Stevie Lamar Hawkins appeals his bench-trial conviction for possession with intent to distribute crack cocaine. He challenges the denial of his motion to suppress evidence seized pursuant to a search warrant.

In reviewing the denial of a motion to suppress evidence obtained pursuant to a search warrant, we determine: (1) whether the good-faith exception to the exclusionary rule applies; and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2) if not, whether probable cause supported the warrant. <u>United States v. Cherna</u>, 184 F.3d 403, 407 (5th Cir. 1999).

Hawkins contends that the good-faith exception does not apply because the affidavit on which the search warrant was based was merely a "bare bones" affidavit. Specifically, he argues that the affidavit did not establish the reliability of the informant, that it was vague and conclusional, and that it contained insufficient corroboration of the informant's allegations.

The affidavit was based on the personal observations of a concerned citizen and the investigating officer. Moreover, the information provided by the citizen was sufficiently detailed and was corroborated by the investigating officer's personal observations and by information learned from another law enforcement officer. <u>United States v. Satterwhite</u>, 980 F.2d 317, 320 (5th Cir. 1992); <u>United States v. Fields</u>, 72 F.3d 1200, 1214 (5th Cir. 1996). Given the foregoing, the judgment of the district court is AFFIRMED.